## MARION COUNTY BANK CO v KING et, Etc

Ohio Appeals, 3rd Dist, Marion Co

No 796. Decided March 19, 1934

C. C. Fisher, Marion, for plaintiff in error.
Jacoby & Jacoby, Marion, for defendant in error.

## OPINION

By GUERNSEY, J.

In its petition in error, the plaintiff in error makes a number of assignments of error, but in its brief filed herein, there are only two alleged errors specified, which under the statute and the rules of this court, will be the only ones considered.

The errors mentioned, are, first, error in refusing to admit in evidence, written financial statements made to plaintiff in error by Wesley M. King, the husband of Ida C. King. Second, error in that the judgment is contrary to law by reason of the suit for allowance of claim not being brought within thirty days after February 13, 1932, the date on which the order of disallowance was entered by the Probate Court.

With reference to the first assignment of error. Plaintiff in error placed Wesley M. King on the stand as its own witness. In his examination it developed that he had made certain financial statements, in writing, to The Marion County Bank Company which did not disclose his indebtedness to Ida C. King. He was thoroughly examined as to these statements and admitted making them and admitted that they did not disclose any indebtedness to Ida C. King, his wife. It appeared from his testimony that Ida C. King had not seen these written statements or been a party to them. They were not admissible as against Ida C. King, and if admissible at all were only admissible on the theory that they would impeach the testimony of Wesley M. King. These statements were inadmissible for the purpose of impeachment, for the reasons, first, that Wesley M. King was the witness of the party who sought to impeach him; second, the witness had admitted that he made such written statements, and the contents thereof, and as there was nothing in the written statements that would tend to contradict his evidence, such statements would not serve to impeach his testimony

As to the second assignment of error. The rights of the parties are governed by §§11134, 11135, 11136, 11137, GC, and related sections, the first three of which reads as follows:

"Sec 11134 GC. Presentation of claim.—
Creditors must present their claims within

six months after publication of the notice hereinbefore provided for, unless further time be given by the court for their allowance. The assignee or trustee shall indorse his allowance or rejection thereon. Persons whose claims are rejected are required to bring suit against such assignee or trustee to enforce such claims within thirty days after they were rejected. If a claimant recovers, the judgment shall be against the assignee or trustee, that he allow the claim in settlement of his trusts, with or without the costs, as the court deems right."

"Sec 11135 GC. Reports of claims.—Immediately after the expiration of such six months, the assignee or trustee must file in court a report of all claims presented to him for allowance, their several amounts, the date from which, and the rate at which they were entitled to interest, specifying claims allowed and those rejected, with the date of allowance or, rejection, what claims if any, are held under advisement, and the postoffice address of each creditor whose claim is allowed or rejected."

"Sec 11136. When claim shall be disallowed:—If the assignor or a creditor files in the court a written requisition on the assignee or trustee to disallow any claim or claims presented which he has not reported as disallowed, and enters into bond to the assignee or trustee in such amount and with such sureties as the court approves, conditioned to pay all the costs and expenses of contesting them by the order of the court, they shall be disallowed, although theretofore allowed by the assignee or trustee. The assignee or trustee must forthwith give written notice thereof to the creditor or creditors, or his or their attorneys, whose claim or claims are so disallowed. Thereupon the same proceedings shall be had as required in other cases of disallowance in the two preceding sections."

It will be noted that these sections contemplate that creditors shall present their claims for allowance within six months after the publication of notice of the appointment of the assignee unless the time is extended by order of the court and that immediately after the expiration of such six months the assignee or trustee must file in court a report of all claims **presented** to him for allowance, specifying claims allowed and those rejected, with date of allowance or rejection, and that if the assignor or creditor files in the court a written requisition on the assignee or trustee to disallow any claim or claims presented

which he has not reported as disallowed, and enters into bond as provided by the statute, they shall be disallowed although theretofore allowed by the assignee or trustee.

There is apparently no statutory requirement of schedule of debts to be filed by an assignee, and even if there was such a requirement, the filing of schedule of debts would not form the basis for a requisition for the disallowance of and the disallowance of a claim under the provisions of §11136 GC, as such requisition and disallowance, under §11136 GC, is based on the report of claims required to be filed by the assignee under the provisions of §11135 GC.

The provisions of §11134 GC requiring the assignee to indorse on the claim, the allowance or rejection thereof, as well as the provisions of §11137 GC relating to the affidavit in support of the claim, clearly require that the claim be presented in writing for allowance.

It therefore appears that the provisions of §11136 GC apply only to claims presented in writing to the assignee for allowance within six months from the date of publication of notice of the appointment which are included in the report of claims required to be filed by the assignee in accordance with the provisions of §11135 GC, immediately after the expiration of six months from the date of publication of notice of his appointment.

The claim of Ida C. King was not presented in writing to the assignee for allowance until March 2, 1932, and as the requisition for disallowance was filed and the order of disallowance by the Probate Court was made prior to that time, such order of disallowance could not and did not operate as a disallowance of her claim.

It is also clear that any requisition for disallowance or order of disallowance based on any schedule of debts other than the report of claims of the assignee made pursuant to the provisions of §11135 GC, is void, and as such report had not been filed at the time requisition was filed and order of disallowance made, the order of disallowance of the claim of Ida C. King would have been void although the claim had been presented in writing to the assignee for allowance prior to that time.

The presentment and disallowance of the claim on March 2, 1932, was in strict accordance with the provisions of §11134 GC, and action was brought on March 13, 1932, within fourteen days after the rejection of the claim by the assignee and within the thirty day period provided in said section, so that if the provisions as to filing suit

constituted a statute of limitations, the action brought for allowance was not barred.

Furthermore, the thirty days within which a claimant is required to bring suit after a claim is rejected, is not a period of limitation but is a period after which distribution may be made. **Irwin v Lloyd, 20 O.C.C. 339.** See also **Owens v Ramsdell, 33 Oh St 439; Carpenter v Dick, 41 Oh St 295; Bettman v Hunt et, 12 Law Bulletin, page 286; Kittridge v Miller, 12 C.C. 128.** So that even if the action of the Probate Court on February 13, 1932, operated as a disallowance of the claim, the cause of action for the allowance of the claim was not barred by the statute.

Holding these views, the judgment of the lower court is affirmed.

CROW, PJ, and KLINGER, J, concur.